T. F. CROSS, EXECUTOR, ESTATE OF MOLLIE RICE CROSS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 4266.   Decided November 26, 1926.

*Palmer Danaher, Esq.*, for the petitioner.
*J. Arthur Adams, Esq.*, for the respondent.

The taxes in controversy are estate taxes in the amount of $290, which the Commissioner has determined to be due from the estate of Mollie Rice Cross. The executor of the estate, in petition filed, avers that the Commissioner erroneously included in the gross estate of the decedent notes in the amount and value of $29,000.

### FINDINGS OF FACT.

Mollie Rice Cross died testate on August 9, 1923, being survived by three heirs-at-law, T. F. Cross and C. R. Cross, her sons, and Mollie F. Cross, a granddaughter. The last will and testament of the decedent was admitted to probate in Pulaski County, Arkansas, and provided as follows:

I, Mollie Rice Cross, of the City of Little Rock, Arkansas, being of sound mind, memory and understanding, do hereby make, publish and declare this to be my last will and testament, hereby revoking and making void all other wills and testaments by me at any time heretofore made. I give, devise and bequeath:—

FIRST:—To Mr. Joe Nichols, of the Simmons National Bank of Pine Bluff, Arkansas, in trust as hereinafter set out, the last maturing promissory note in the principal sum of Ten Thousand ($10,000.00) Dollars of the approximately Forty Thousand Dollars worth of notes now owned by me and in the said Simmons National Bank for collection, the said note to be held by the said Joe Nichols, as trustee and in trust for my beloved granddaughter, Mollie Flournoy Cross, daughter of my son C. R. Cross, and the said note and the proceeds thereof and the interest thereon shall constitute a trust fund to be collected by the said trustee and invested and reinvested by him in merchantable first mortgage real estate notes until my said granddaughter shall reach the age of eighteen years, when the said fund shall be delivered to her and become hers absolutely, but in case my said granddaughter dies before reaching the age of eighteen years, then and in that event the said trust fund shall be delivered to and vest in my son T. F. Cross and his heirs;

Second:—To my beloved son, T. F. Cross, for and during his life, the two plantations known as the Camp Ground and the Pendleton Places, with remainder at his death to his wife and children surviving him, share and share alike, and in the event he leaves no wife and no children surviving him then to my said granddaughter, Mollie Flournoy Cross, and her heirs;

Third:—To my beloved son, T. F. Cross, in addition to the above and absolutely and in his own right, my home in the City of Little Rock, being Lots Thirteen and Fourteen of Block Thirteen, of Hillcrest Addition to the City of Little Rock, the household goods, my automobile, and the things in and about the house, and also the rest of the notes above mentioned and all money in bank and also all the rest and residue of my property real, personal and mixed, of whatsoever nature and wheresoever situate;

Since I deem that my beloved son, C. R. Cross, is well provided for by his father's having conveyed to him a large estate, I make no bequest or devise to him.

I hereby appoint my said son T. F. Cross as the executor of this my last will and testament and request that he be required to give no bond, and I grant to him, as such executor full power of sale and conversion at public or private sale, of any and all my real and personal property not specifically bequeathed or devised herein.

The gross estate included real estate, demand notes, cash in bank, and other miscellaneous property. The gross estate consisted of the following notes, in the total sum of $29,000, of C. R. Cross, son of the decedent: Note for $2,000, dated December 11, 1920, payable on demand; note for $10,000, dated December 15, 1921, with credit of $8,000; note for $10,000, dated December 15, 1922; note for $10,000, dated December 15, 1923; and note for $5,000, dated December 15, 1925. All of the aforesaid notes bore interest at 8 per cent per annum from maturity and were secured by a vendor's lien on " Sherrod Place," Desha County, Arkansas.

A suit was brought on January 7, 1924, in the Chancery Court of Desha County, Arkansas, styled *C. R. Cross, Plaintiff*, v. *T. F. Cross, as Executor of the Estate of Mollie Rice Cross, Deceased, Defendant*, to have the aforementioned notes canceled as a cloud upon the title to the lands of the plaintiff and the vendor's lien securing their payment canceled and set aside. A decree was entered by the Chancery Court of Desha County, Arkansas, ordering the notes canceled and the vendor's lien on the lands of the plaintiff canceled, set aside and held for naught, and fully satisfied.

In the Federal estate-tax return filed by the executor of the estate, it is stated, in referring to the aforementioned notes, that " the notes were ordered canceled by decree of Desha County Chancery Court in the case of *C. R. Cross* v. *T. F. Cross et al.*, upon testimony taken, but no active defense made."

A note of C. R. Cross for $10,000, dated March 1, 1921, due March 15, 1924, with interest from maturity at 8 per cent, was reported

by the executor on the Federal estate-tax return as having a value of $8,933.33, and there is no dispute between the petitioner and the Commissioner as to the value for Federal tax purposes of the note.

OPINION.

MILLIKEN: We are asked to decide as a fact that the notes, in the face amount of $29,000, of C. R. Cross, son of the decedent, were worthless and of no value as of the date of death of the decedent, and accordingly that no value may be ascribed to them for the purpose of determining the value of the gross estate for Federal estate-tax purposes. No testimony was offered by either the petitioner or the Commissioner, and the only evidence submitted was a certified copy of the decree of the Chancery Court of Desha County, Arkansas, by the petitioner, and the Federal estate-tax return, by the Commissioner. We are without information as to the facts upon which the court decree was based. Perchance, it may have been based upon the fact that a partial or complete settlement had been made on the notes in question, or the heirs at law may have entered into a composition agreement, or events may have transpired between the date of death of the decedent and the date of the decree that vitally affected the value of the notes—but as to all these matters we can only surmise. The decree standing alone does not supply us with evidence upon which the determination of the Commissioner may be set aside.

It should also be observed that one of the notes of C. R. Cross, in the amount of $8,933.33, had that value for Federal estate-tax purposes, and about this there is no disagreement between the parties.

*Judgment will be entered for the Commissioner.*